**Staunton.**

G. W. OSBORNE V. ELLEN RICHMOND, ET AL.

September 22, 1921.

Absent, Burks, J.

1. DEEDS—*Recitals in Deeds—Evidence of Payment of Consideration.*
A deed from a father to his son recited the consideration "hand
paid, the receipt whereof is hereby acknowledged."
*Held:* That this recital, though open to contradiction by satis-
factory proof was *prima facie* true, and must be so accepted
unless overturned by clear proof, and that in the instant case
such proof was not produced.

2. ADVANCEMENTS—*Money Consideration—Parol Evidence.*—While
an advancement is always a gift, the advancement may be em-
bodied in a deed of bargain and sale for which a money consid-
eration is paid. Thus, where the deed recites a pecuniary con-
sideration, it may be shown by parol that there was also the
consideration of an advancement.

3. ADVANCEMENTS—*Whether Money Consideration for Deed—Suffi-
ciency of the Consideration—Case at Bar.*—In the instant case
upon the question whether the purchase price recited in a deed
from a father to his son was a full consideration for the deed,
or whether it was a partial consideration and there was a gift
of the residue which must be regarded as an advancement, the
evidence did not show that at the time of the conveyance the
consideration was not a reasonably adequate price for the land
conveyed.

4. ADVANCEMENTS—*Intention of Grantor—Case at Bar.*—In view of
the fact that in the instant case a father in deeding land to one
son had expressly recited in the deed that the tract of land
conveyed was to be considered that son's part or interest in the
father's real estate, and that the deed of another tract to a sec-
ond son contained no such recital, and in the absence of any pre-
ponderating proof that the price paid by the second son was not
reasonably adequate, or that the father intended the transac-
tion as other than an ordinary deed and conveyance for a val-
uable consideration, and in view of the parol evidence in har-

mony with this view, it was error to treat the conveyance. as an advancement.

5. ADVANCEMENTS—*Intention of the Parent—General Rule—Presumption of Advancement.*—Whether a gift to a child, supposing the gift to be adapted to advance the child in life, is or is not to be deemed an advancement such as must be brought into hotchpot, depends upon the intention of the parent; and a free gift so adapted is *prima facie* to be presumed to have been so designed.

6. ADVANCEMENTS—*Time or Valuation.*—The value of an advancement when brought into hotchpot is to be fixed as of the date of the gift, and not as of the date of the time when brought into hotchpot, and where in addition to the consideration of advancement a valuable consideration is paid by the recipient of the advancement, such consideration must be deducted from the value of the advancement as of the date of the deed.

Appeal from a decree of the Circuit Court of Scott county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*S. H. Bond, R. P. Bruce* and *Will H. Nickels,* for the appellant.

*W. S. Cox,* for the appellees.

KELLY, P., delivered the opinion of the court.

This is a partition suit, and the sole question for decision is whether a certain deed from David Osborne to his son, G. W. Osborne, should be treated as an advancement and brought into hotchpot.

David Osborne at one time owned three separate tracts of land—the "Home Tract" of 211 acres, the "Buckner's Ridge Tract" of 236 acres, and the "Mountain Tract" of 220 acres.

On August 8, 1901, he conveyed 120 acres of the Buckner's Ridge tract to his son, G. W. Osborne, for life, with

remainder in fee to his children, reserving, however, a life
estate in the grantor, and excepting and reserving "all min-
erals on, in and under the aforesaid tract of land which have
been contracted or sold to other parties." The deed recited
a consideration of "four hundred and ninety-five dollars
in hand paid, the receipt whereof is hereby acknowledged."

On October 2, 1903, David Osborne, in consideration of
$1,500.00, the receipt of which was acknowledged in the
deed, conveyed to another son, L. N. Osborne, all of the
Home tract with the exception of the "iron ore" theretofore
sold to Patrick Hagan, and reserving to the grantor and his
wife a life interest in one hundred acres of the tract thus
conveyed. This deed contained the following stipulation:
"The said grantee, L. N. Osborne, accepts the above tract of
land described in this deed as his part, or interest, in the
real estate owned by said David Osborne."

In 1915, David Osborne, being still the owner of the
Mountain tract and 116 acres of the Buckner's Ridge tract,
died intestate; and shortly thereafter this suit was brought
by G. W. Osborne against the other heirs of David Osborne,
seeking a partition of these lands. The bill alleged that the
above recited deed of October 2, 1903, to L. N. Osborne con-
stituted an advancement to him of his entire interest in the
estate, and that he was not entitled to participate in the
partition. The truth of this allegation conclusively appears
on the face of the deed, is conceded by L. N. Osborne, and
he claims no share in the lands herein involved. Mrs. Ellen
Richmond, a daughter, T. J. Osborne, a son, and some of the
other heirs of David Osborne, answered the bill and denied
the right of the complainant, G. W. Osborne, to share in
the partition, because, as they claimed, the deed made to
him by his father on August 8, 1901, constituted his full
share in the estate.

Proof was taken on both sides, and the court upon final
hearing entered a decree adjudging that the land conveyed

to G. W. Osborne by deed of August 8, 1901, "was an ad-advancement, and should, if complainant participated in the partition, be brought into hotchpot." Thereupon G. W. Osborne obtained this appeal.

[1] Many witnesses were examined on both sides, and the evidence is in some particulars in great conflict. There is one material fact, however, which seems to us established by the clear weight of testimony, and that is that the consideration of $495 named in the deed was actually paid. Whether this consideration was adequate, and if not, whether the excess in value of the land should be treated as a gift and advancement, are different questions; but the fact that the $495 was paid is hardly open to fair debate under the evidence before us. The recital itself, though open to contradiction by satisfactory proof, is *prima facie* true, and must be so accepted unless overturned by clear proof. The solemn acknowledgment of this payment in writing is evidence of the highest and most satisfactory character, and of great probative value. 23 Am. & Eng. Ency. L. (2d ed), p. 983. This rule certainly applies to recitals in a deed in so far as the grantor and his heirs are concerned. 2 Devlin on Deeds (3d ed.), secs. 817-821. G. W. Osborne testified directly to the payment, and explained in a plausible and reasonably satisfactory way how it was made. The notary public who wrote the deed and took the acknowledgment testified that David Osborne dictated all of the terms of the deed, including the recital as to the consideration. At least eight witnesses, apparently free from bias or interest, testified that David Osborne, in his lifetime, acknowledged that G. W. Osborne had bought and paid for the land. No witness testified in terms that the consideration was not paid, and the only evidence which can be construed as being substantially to that effect is the statement of the witness, L. N. Osborne, who said that G. W. Osborne stated soon after the deed was made that he "had

the deed made as though it was a sale in order to make it hold good." This witness has no property interest in this suit, and his testimony is entitled to careful consideration. We do not think, however, that his evidence as just quoted is sufficient to offset the recital in the deed, and the volume of evidence in its support. The money consideration recited in the deed from David Osborne to G. W. Osborne must, in our opinion, be regarded as having actually passed.

[2, 3] The next question to be considered is whether the purchase price recited therein was the full consideration for the deed, and if not, whether the gift as to the residue must be regarded as an advancement. This is a more difficult question than the one just disposed of, and is a practical and important one here, because, while an advancement is always a gift, the advancement may be embodied in a deed of bargain and sale for which a money consideration is paid. "Where a deed of bargain and sale recites a pecuniary consideration, it may be shown by parol that there was also the consideration of an advancement to the daughter of the bargainor." 2 Devlin on Deeds (3d ed.), sec. 829. It is insisted that the evidence shows that the land was worth much more than G. W. Osborne paid for it. This insistence, however, is not very well supported by the evidence in its entirety. The witnesses differ, but upon the whole, and considering the fact that a life estate in the land was reserved to David Osborne and his wife, that the minerals on the land had been sold and were excepted, and that it was shown that the best of the timber had been sold and taken from the land, we are unable to say that $495 may not at the time have been a reasonably adequate price for the conveyance.

[4] Coming to the question of the intention of the grantor, it may perhaps be fairly said that the parol evidence is about equally balanced as to whether David Osborne by his own subsequent statements indicated that he intended the land conveyed by the deed of August 8, 1901, to be in lieu

of G. W. Osborne's share in his estate; but it certainly does not preponderate in favor of the affirmative of this question. We are very much impressed by the testimony of Dr. N. W. Stallard, a practicing physician, who had known David Osborne for forty years, had been intimately acquainted with him for twenty years, and had repeatedly heard him say that L. N. Osborne had already received his full share; that he expected the other children to share equally in the remainder of the estate, and that G. W. Osborne had bought and paid for the land theretofore conveyed to him. This testimony strikes us as being entitled to especial weight not only because of the character of the witness and his opportunity to know the facts, but because it is in harmony with the provision in the deed to L. N. Osborne to the effect that the land he got was to be treated as his full share, and with the absence of any such provision in the deed to G. W. Osborne. The fact that the father of these two boys put such a provision in one of the deeds and omitted it in the other is quite significant. In view of this circumstance and the parol testimony in harmony with it, and in the absence of any preponderating proof that the price paid was not reasonably adequate, or that David Osborne intended the transaction as other than an ordinary deed and conveyance for a valuable consideration, we have reached the conclusion that it was error to treat the same as an advancement.

[5] The general propositions of law controlling the subject of advancements are well settled in this State, and have been reviewed by this court in several recent cases. Whether a gift to a child, supposing the gift to be adapted to advance the child in life, is or not to be deemed an advancement such as must be brought into hotchpot depends upon the intention of the parent; and a free gift so adapted is *prima facie* to be presumed to have been so designed. *Payne* v. *Payne*, 128 Va. 33, 104 S. E. 713, 715; *Poff* v. *Poff*, 128 Va. 62, 104 S. E. 719, 724. In this case, however, the *gift* is

not proved, and the case of the appellee breaks down at this point.

[6] The conclusion we have reached does not affect the result of the partition as materially as might upon a casual view appear. The Buckner's Ridge land, a part of which was conveyed to G. W. Osborne, and the remainder of which now belongs to the estate to be partitioned, appears at this time to be quite valuable, but it was not so valuable at the time of the alleged advancement, and if it were treated as an advancement, the value when brought into hotchpot would be fixed as of the date of the gift, and not as of the date of partition. Graves' Notes on Real Prop., sec. 171. Moreover, the $495 which was paid for the land by G. W. Osborne would have to be deducted from its value as of date of the deed, so that in the final result the value for which G. W. Osborne would have to account in the partition would perhaps not amount to a great deal as compared with the value of the whole estate at this time. But, however this may be, the decree complained of, for the reasons stated, will be reversed, and the cause remanded to the circuit court for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*